IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Derrick L. Lowe, )
    Plaintiff, )
)
v. ) 1:07cv363 (GBL/TRJ)
)
D.A. Hoffman, et al., )
    Defendants. )

FILED AUG 20 2008 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

THIS MATTER is before the Court on defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment.[1] This case concerns a claim by Derrick L. Lowe, a Virginia inmate proceeding pro se, that defendant Hoffman violated the Fourth and Eighth Amendments when he used excessive force against plaintiff during an arrest, and that the other defendants violated the Fourth and Eighth Amendments when they observed the excessive force and did nothing to stop it.[2] The issues before the Court are whether defendant Hoffman used

---

[1] Defendants filed two separate Motions, one on February 12, 2008 and the second on February 13, 2008. Because these two Motions are identical to one another, the Court will address both Motions together and will not distinguish between them.

[2] In plaintiff's amended complaint, he made a cursory reference to "libel statements" made by defendant Hoffman. Because plaintiff did not describe or develop this claim in any way, the Court did not construe it as a separate claim in its November 13, 2007 service order. To the extent that plaintiff intended to raise a claim of libel against defendant Hoffman, plaintiff fails to state a claim. Section 1983 provides a vehicle for the vindication of federally-protected rights, not rights arising under and secured by state law. See Weller v. Dep't of Social Services for the City of Baltimore, 901 F.2d 387 (4th Cir. 1990). Plaintiff's reputation is protected through state tort law, and a mere allegation of damage to one's reputation and character fails to implicate any liberty or property interests protected by the Constitution. Id.; see also, e.g., Lamb v. Rizzo, 391 F.3d 1133, 1139 (10th Cir. 2004); Underwager v. Channel 9 Austl., 69 F.3d 361, 366 (9th Cir. 1995). Moreover, absent a claim that any libel caused a deprivation of a federally protected right to liberty or property, a bare allegation of libel is not sufficient to state a § 1983 claim. See Paul v. Davis, 424 U.S. 693, 712 (1976). Because plaintiff makes no claim that he was deprived of a federally protected right to liberty or property, his allegation of libel would fail to state a claim for relief which could be granted

objectively harmful excessive force against plaintiff, subjecting him to unnecessary and wanton pain and suffering and, if so, whether the other defendants are subject to bystander liability. The Court concludes that judgment must be entered for defendants because the amount of force defendant Hoffman used in order to arrest defendant was not unreasonable. Because defendants' Motion for Summary Judgment will be granted, their Motion to Dismiss will be denied as moot.

## I. BACKGROUND

On March 5, 2007, plaintiff claims that defendant Hoffman stopped him "without good enough reason." Amend. Compl. 2. Plaintiff also claims that Hoffman used a taser device on his back and that plaintiff "suffered multiple injuries." Id. In order to describe his injuries, plaintiff includes a radiology report from Prince William Hospital that was prepared on March 6, 2007. Id. at 5. The report indicates that plaintiff may have endured a "small avulsion fracture" in both of his elbows and in his right hand. Id. Without providing additional medical records or documentation, plaintiff claims that he suffered "some abrasions" on his left knee and left hand, as well as an injury to his forehead and two cracked teeth.

Plaintiff's sole claim against the other defendants, Officers Dombrowski and Grayson, Sergeant Livingston, and two "John Doe" officers, is that they witnessed Hoffman using excessive force against plaintiff and "acting in a very hostile manor [sic] [towards plaintiff] ... [but] did nothing to help rectify the situation." Id. at 2-3. Although plaintiff made a general request for "monetary damages" in his original complaint, he makes no request for relief in his amended complaint.

On February 12, 2008 and February 13, 2008, defendants Hoffman, Dombrowski,

---

in this § 1983 proceeding.

Grayson, and Livingston filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment, an answer, and a Notice pursuant to Local Rule 7(K) and <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), informing plaintiff of his right to file a response within twenty days. Plaintiff has not filed a response.

As part of defendants' Motion, they included affidavits from each named defendant. Defendants' affidavits provide a thorough account of the incident, including many details that plaintiff failed to discuss in his amended complaint. According to Hoffman, while he was on duty and in his full police uniform at about 12:40 a.m. on March 6, 2007, he observed a man, later identified as plaintiff, who appeared to be intoxicated. Hoffman Aff. ¶¶ 2-3. Hoffman was driving in a marked police vehicle and stopped his car in order to approach plaintiff on foot. <u>Id.</u> ¶¶ 2, 4. As Hoffman approached, he noticed a strong smell of alcohol on plaintiff and asked plaintiff to stop. <u>Id.</u> ¶ 4. When plaintiff failed to stop, Hoffman asked him for identification, and plaintiff began running away from Hoffman. Hoffman radioed for additional assistance, continued pursuing plaintiff, commanded him to stop, and told him that he was under arrest. <u>Id.</u> ¶ 4-5. Because plaintiff failed to comply with Hoffman's verbal commands, Hoffman used a tactic called a "rear takedown" in order to stop plaintiff from fleeing. <u>Id.</u> Once Hoffman took plaintiff down to the ground, plaintiff struggled and fought with Hoffman so Hoffman was unable to get control of plaintiff. During this struggle, plaintiff slipped out of his jacket and began running again. <u>Id.</u> ¶ 6.

Hoffman again pursued plaintiff and took him to the ground. As plaintiff resisted, plaintiff yelled "I got a gun!," which Hoffman interpreted as a threat. <u>Id.</u> ¶ 7. When plaintiff continued to resist Hoffman's efforts to arrest him, Hoffman took out his taser and warned

3

plaintiff that he would use the taser if plaintiff continued to be non-compliant. Plaintiff began to comply but then got up and began to run away from Hoffman for a third time. Id. ¶ 8. To stop plaintiff from fleeing, Hoffman used his taser on plaintiff from a distance of about five feet for five seconds. Id. ¶¶ 8, 14. After being tased, plaintiff fell backwards on the sidewalk. Id. ¶ 9. Hoffman approached plaintiff to handcuff him, and plaintiff continued to struggle and resist arrest. During the struggle, Hoffman noticed that plaintiff had a concealed weapon, which Hoffman removed from plaintiff's holster. Id. ¶ 10. While Hoffman was still attempting to place plaintiff in handcuffs, defendant Dombrowski arrived to provide assistance. Dombrowski Aff. ¶ 4. Dombrowski took plaintiff's gun from Hoffman so Hoffman could focus his attention on plaintiff without worrying about the gun discharging accidentally. Id. ¶ 5.

Defendants Grayson and Livingston arrived soon after Dombrowski to provide additional assistance. Grayson Aff. ¶¶ 4-5; Livingston Aff. ¶¶ 4-5. Also, medical personnel arrived to apply first aid to cuts on plaintiff's hands and face, which had resulted from his fall. Hoffman Aff. ¶ 10. As Hoffman's supervisor, Livingston conducted a "use of force" investigation into the events giving rise to plaintiff's arrest and concluded that: (1) plaintiff's "injuries were consistent with his three falls during [his] attempted escape;" (2) Hoffman acted reasonably and had probable cause to arrest plaintiff; and (3) Hoffman did not use excessive or unreasonable force when arresting plaintiff. Livingston Aff. ¶¶ 9-10.

As a result of this incident, plaintiff was charged with possession of a firearm by a convicted felon, assault and battery on a police officer, possession of a controlled substance, obstructing justice, public swearing, and public intoxication. Hoffman Aff. ¶ 15. Pursuant to a plea agreement, plaintiff pled guilty to possession of a firearm, and the rest of the charges were

nolle prosequi. Id.

## II. DISCUSSION

### A. Standard of Review[3]

In reviewing defendants' Motion for Summary Judgment, the Court must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When a motion for summary judgment is properly made and supported . . . [by affidavits], an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Cir. 1990) (noting that when a party opposes a properly supported motion for summary judgment, that party cannot rest on conclusory statements, but must provide specific facts showing a genuine issue, particularly when that party bears the burden of proof on an issue). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

---

[3] Because the Court will rely on affidavits that defendants submitted in support of their Motion to Dismiss or, in the alternative, Motion for Summary Judgment, the Court will use the standard of review for Motions for Summary Judgment to address this case.

**B. Analysis**

1. <u>Defendant Hoffman</u>

The Court holds that judgment must be granted in favor of defendant Hoffman because his uncontested Motion for Summary Judgment demonstrates that the amount of force he used was reasonable given the circumstances. In <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989), the Supreme Court instructed that "[i]n addressing an excessive force claim brought under [42 U.S.C.] § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Essential to this determination is plaintiff's status - whether he was an arrestee or a pre-trial detainee - at the time of the use of force. <u>Id.</u> The Fourth Amendment governs claims of excessive force during the course of an arrest, investigatory stop, or other "seizure" of a person. <u>Id.</u> at 388. A pre-trial detainee, however, is entitled to the protections of the Due Process Clause of the Fourteenth Amendment. <u>United States v. Cobb</u>, 905 F.2d 784, 788 (4th Cir. 1990). In <u>Riley v. Dorton</u>, 115 F.3d 1159, 1161 (4th Cir. 1997), the United States Court of Appeals for the Fourth Circuit instructed that a person is an "arrestee" when an officer decides to detain him and that the Fourth Amendment applies only to the single act of the arrest. Applying this rule to the instant case, the Court concludes that plaintiff was an "arrestee" at the time of the events giving rise to his complaint. Accordingly, plaintiff's claim of excessive force is analyzed under the Fourth Amendment's standard of reasonableness. <u>See</u> <u>Vathekan v. Prince George's County</u>, 154 F.3d 173, 178 (4th Cir. 1998). This standard takes account of the severity of the alleged crime, whether the suspect poses a threat to the safety of the police officers or others, and whether the suspect is attempting to evade arrest by flight or actively resisting arrest. <u>Graham</u>, 490 U.S. at 396; <u>see</u> <u>Foote v. Dunagan</u>, 33 F.3d 445 (4th Cir.

6

1994).

In this case, plaintiff has not set out specific facts contradicting Hoffman's sworn statement that during the course of his efforts to arrest plaintiff, plaintiff tried to evade arrest or flee from Hoffman on no less than three occasions. Moreover, plaintiff does not deny that he was in possession of a gun or that he threatened Hoffman and actively resisted arrest. Notably, plaintiff was charged with possession of a firearm by a convicted felon, assault and battery on a police officer, and other offenses for his actions during the course of his arrest.

From the amended complaint, it appears that the sole basis for plaintiff's claim of excessive force is the injuries he sustained during the arrest. It is undisputed that, following the arrest, plaintiff had some abrasions on his left hand, an abrasion on his left knee, an abrasion on his right elbow, a chipped front tooth, an abrasion to his forehead, a broken finger, and a possible minor fracture of his right elbow. Amend. Compl. at 5; Livingston Aff. ¶ 9. Also, Officer Hoffman's pants were ripped and he suffered from some abrasions on his right knee and chin as a result of his struggles to control and arrest plaintiff. Livingston Aff. ¶ 9. A "use of force investigation" of plaintiff's arrest concluded that plaintiff's injuries were consistent with his three falls during his attempted escapes and that Hoffman acted reasonably and did not use excessive or unreasonable force when arresting plaintiff. Id. at ¶ 10.

Because plaintiff fled from Hoffman, actively resisted arrest, and threatened Hoffman, even when viewing the facts in a light most favorable to plaintiff, the Court cannot conclude that Hoffman's actions and use of force were unreasonable under the circumstances. See, e.g., Saucier v. Katz, 533 U.S. 194, 205 (2001) ("Because 'police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about

the amount of force that is necessary in a particular situation,' the reasonableness of the officer's belief as to the appropriate level of force should be judged from that on-scene perspective.") (citations omitted) (quoting Graham, 490 U.S. at 395); see also Crumley v. St. Paul, 324 F.3d 1003, 1007 (8th Cir. 2003) (noting that the right to make an arrest or stop necessarily encompasses the right to use some degree of force to effect it). Additionally, even deadly force may be used "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." Tennessee v. Garner, 471 U.S. 1, 11 (1985). In this case, plaintiff told Hoffman that he had a gun and plaintiff did, in fact, have a gun. Hoffman Aff. ¶¶ 7, 10. Thus, it was not unreasonable for Hoffman to believe that plaintiff posed a threat of serious physical harm to him. Therefore, Hoffman's use of force while arresting plaintiff, and even Hoffman's decision to use a taser, were not unreasonable given the circumstances.[4] See Keller v. Hood, No. 3:07cv433, 2008 U.S. Dist. LEXIS 17783, at * 15-16 (E.D.Va. Mar. 6, 2008) (finding an officer's use of a taser reasonable when the officer perceives the suspect to be a threat and the suspect is acting erratically or violently).

Because plaintiff has neither contradicted defendant Hoffman's evidence nor demonstrated that the force used against him was excessive under the circumstances, Hoffman's

---

[4] Although the Fourth Circuit has not ruled on the specific circumstances under which it is reasonable for officers to use tasers, the holdings of other circuits suggest that Hoffman's use of a taser to stop, control, and arrest plaintiff was reasonable. See Draper v. Reynolds, 369 F.3d 1270, 1278 (11th Cir. 2004) (holding that in a difficult or tense situation, the use of a taser to subdue a suspect who has repeatedly ignored police instructions and continues to act belligerently toward police is not excessive force); Hinton v. City of Elwood, 997 F.2d 774, 777 (10th Cir. 1993) (holding that a suspect's active resistance to arrest can justify an officer's use of an "electrical stun gun").

Motion for Summary Judgment will be granted.[5]

### 2. Defendants Grayson, Dombrowski, and Livingston

Liberally construed, plaintiff claims that the remaining defendants are liable to him on a theory of bystander liability for any constitutional violations committed by defendant Hoffman. On this claim, the Court holds that judgment must be granted in favor of the remaining defendants[6] because the amount of force Officer Hoffman used against plaintiff was reasonable under the circumstances and thus did not amount to a constitutional violation. Additionally, even if Hoffman's actions towards plaintiff had been a constitutional violation, plaintiff has not offered sufficient facts to demonstrate that bystander liability should attach to the remaining defendants.

The Fourth Circuit has recognized a cause of action under 42 U.S.C. § 1983 for bystander liability. In Randall v. Prince George's County, the Court held that a police officer may be obligated, in certain limited situations, to act affirmatively to protect the constitutional rights of citizens from other law enforcement officers. 302 F.3d 188, 203-04 (4th Cir. 2002). This theory of liability is based on the notion that, "one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge." Id. at 204 (quoting

---

[5] Given that defendant Hoffman has established his entitlement to judgment as a matter of law on plaintiff's claim of excessive force, it is unnecessary for the Court to address Hoffman's arguments on the question of qualified immunity.

[6] Plaintiff includes two "John Doe" defendants in his amended complaint. However, plaintiff never named these two defendants. Plaintiff raises the same claim against these "John Doe" defendants as he raises against Grayson, Dombrowski, and Livingston. Thus, had plaintiff named these two "John Doe" defendants, judgment would also be entered in their favor for the same reasons that judgment is being entered in favor of defendants Grayson, Dombrowski, and Livingston.

Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972)). For bystander liability to attach, however, a plaintiff must demonstrate that the bystander officer: 1) knew that a fellow officer was violating an individual's constitutional rights; 2) had a reasonable opportunity to prevent the harm; and 3) chose not to act. Id.

The uncontested affidavits of defendants Grayson, Dombrowski, and Livingston establish that not one of these defendants was even present for a majority of Hoffman's attempts to arrest plaintiff. Specifically, these officers were not present until after Hoffman used his taser to stop plaintiff from fleeing and was placing plaintiff in handcuffs. Dombrowski was the first backup officer to arrive on the scene, and upon his arrival, he was concerned that plaintiff continued to pose a threat. Dombrowski Aff. ¶ 5. All three of these officers aver that they did not witness Hoffman use any force against plaintiff other than the minimum force needed to place him in handcuffs. Dombrowski Aff. ¶ 7; Grayson Aff. ¶ 6; Livingston Aff. ¶ 11.

Because the Court has concluded that defendant Hoffman did not violate plaintiff's constitutional rights, defendants Grayson, Dombrowski, and Livingston cannot be held liable on a theory of bystander liability. Randall, 302 F.3d at 204. Additionally, even if there were evidence that Hoffman violated plaintiff's rights, these defendants could not be held liable on a theory of bystander liability because there is no evidence to suggest that they had any knowledge of the interactions that transpired between Hoffman and plaintiff during the arrest, nor is there any evidence that these officers had a reasonable opportunity to prevent any alleged harm. Id. Accordingly, because the uncontested evidence in this case establishes that defendants Grayson, Dombrowski, and Livingston are entitled to judgment as a matter of law on plaintiff's claim of

bystander liability against them, summary judgment must be granted in their favor.[7]

## III. CONCLUSION

Defendants Motion for Summary Judgment will be granted and judgment entered for defendants Hoffman, Grayson, Dombrowski, and Livingston because plaintiff has failed to demonstrate that defendant Hoffman used excessive force in violation of the Fourth Amendment or that the remaining defendants are subject to bystander liability for Hoffman's actions. An appropriate Order shall issue.

Entered this 20th day of August, 2008.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge

---

[7] Given that defendants Grayson, Dombrowski, and Livingston have established their entitlement to judgment as a matter of law on plaintiff's bystander liability claim, it is unnecessary for the Court to address these defendants' arguments on the question of qualified immunity.

11